UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

REICHLER, MILTON & MEDEL        )
                                )
    Plaintiff,                  )
                                )
v.                              )    Civ. No. 03-1229 (RJL)
                                )
REPUBLIC OF LIBERIA,            )
                                )
    Defendant.                  )

# MEMORANDUM OPINION
(January 31, 2007) [#9]

Before the Court is plaintiff's motion for default judgment. This is an action by plaintiff Reichler, Milton & Medel ("RM&M") against the Republic of Liberia ("Liberia") for a debt owed to plaintiff in the amount of $404,053.15. As the plaintiff has satisfied jurisdictional and procedural requirements for this judgment, the Court GRANTS the plaintiff's motion for default judgment.

## BACKGROUND

From January 1991 through May 31, 1998, plaintiff RM&M served as counsel of record for Liberia in major lawsuits brought against Liberia in the United States federal courts. (*See* Aff. of Janis H. Brennan, former partner of RM&M ("Brennan Aff.") ¶ 4.) After RM&M merged into the firm of Foley Hoag LLP on June 1, 1998, Foley Hoag LLP continued to serve as counsel of record for Liberia until the conclusion or tolling of these

1

cases. (*Id.*) RM&M sent regular invoices to the Minister of Finance for Liberia describing the work performed, the nature of expenses incurred, and the amount owed to RM&M. (*Id.* ¶ 7.) RM&M also kept Liberia informed of the unpaid aggregate balance from past invoices on a routine basis. (*Id.*) Liberia never questioned or objected to any of the invoices or charges reflected therein, but, rather, made periodic payments to RM&M. (*Id.* ¶¶ 6, 8.) As of June 1, 1998, the outstanding balance due to RM&M by Liberia was $404,053.15. (*Id.* ¶ 9.)

The Minister of Finance for Liberia at the time, Elie Saleeby, acknowledged the outstanding debt on behalf of the country and entered into a contract with RM&M on June 1, 1998 setting forth a payment arrangement for the legal fees and expenses due, which called for a payment in full of the outstanding amount of $404,053.15 by December 31, 2001. (*Id.* ¶ 9, Attach. A.) Minister Saleeby's successor, John Bestman, renewed the acknowledgment of outstanding debt to RM&M and its obligation to pay by signing an additional contract with RM&M on May 4, 1999. (*Id.* ¶ 10, Attach. B.) The terms of this agreement called for Liberia to repay the entire $404,053.15 owed to RM&M in monthly installments, with the total amount to be repaid by November 1, 2002, and with payments to be made to a banking institution in Washington, D.C. (*Id.* ¶ 10, Attach. B.) Liberia has failed to make any payments to RM&M under the May 4, 1999 contract and the outstanding invoices. (*Id.* ¶ 11.) Thus, the full amount of $404,053.15 remains outstanding.

2

The current action was filed on June 6, 2003. Plaintiff filed notices with this Court that the DRC and SNEL had been served with the Verified Petition, pursuant to 28 U.S.C. § 1608 (a)(3). On March 24, 2005, RM&M achieved service of process on Liberia via diplomatic channels pursuant to 28 U.S.C. § 1608(a). Once service had been made, the DRC was required to serve an answer or other responsive pleading within sixty days. 28 U.S.C. § 1608(d). The Clerk of the Court entered default in the case on October 31, 2006. As of the date of this memorandum opinion, no response has been filed on behalf of Liberia in this action.

## DISCUSSION

The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1601 *et seq.* provides that foreign states "shall be immune from the jurisdiction of the courts of the United States." *Id.* § 1604. However, the statute specifically excepts from immunity "commercial activity" that is (1) carried on in the United States; (2) carried on outside the United States but involving connected acts performed in the United States; or (3) carried on outside the United States but causing a direct effect in the United States. *Id.* § 1605(a)(2).[1] In this case, Liberia's contracts for legal services constitute "commercial

---

[1] "A foreign state shall not be immune from the jurisdiction of courts of the United States ... in any case ... in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States . . . ." 28 U.S.C. § 1605(a)(2).

3

activity" within the meaning of the FSIA, *id.* § 1603, and because payment for the legal services was to be made to a banking institution in the United States, Liberia's failure to meet its payment obligation under this contract qualifies as an act that "causes a direct effect in the United States" under the FSIA. *See, e.g., I.T. Consultants, Inc. v. Islamic Republic of Pak.*, 351 F.3d 1184, 1190-91 (D.C. Cir. 2003). Therefore, Liberia is not immune from civil suit on their contracts for legal services with RM&M and Foley Hoag.

Under the FSIA, no judgment by default may be entered by a district court against a foreign state unless the plaintiff establishes its right to relief by evidence satisfactory to the Court. *Id.* § 1608(e); *see also Ipitrade Int'l, S.A. v. Fed. Republic of Nig.*, 465 F.Supp. 824, 827 (D.D.C. 1978). Plaintiff has done so here, and, accordingly, the Court finds that the plaintiff: (1) properly served Liberia with the Complaint; (2) has established its claim for $404,053.15, plus pre and post judgment interest at the rates established by statute because it has presented copies of the invoices for work performed and expenses incurred; and (3) the record reflects no basis for refusal or deferral of the requested judgment. Accordingly, the Court will GRANT the plaintiff's motion for default judgment and enters the attached order.

*[signature]*
RICHARD J. LEON
United States District Judge